IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division

VIRGINIA DEPARTMENT OF ENERGY,

        Plaintiff,

v.                                                      Civil Action No.: 2:21-at-99999

LEXON INSURANCE COMPANY,
Serve: Corporation Service Company
       100 Shockoe Slip, Floor 2
       Richmond, VA 23219

        Defendant.

## COMPLAINT

Plaintiff the Virginia Department of Energy[1], by counsel, states the following for its Complaint against Defendant Lexon Insurance Company:

## PARTIES

1. Virginia Department of Energy ("Virginia DOE") is a department in the executive branch of the Commonwealth of Virginia within the Secretariat of Commerce and Trade. Va. Code § 45.2-102. It has authority "[t]o do all acts necessary or convenient to carry out the purposes of" Title 45.2 of the Code of Virginia. Va. Code § 45.2-103(5).

2. Lexon Insurance Company ("Lexon") is a stock corporation incorporated in Texas, with its principal office located at 10002 Shelbyville Rd., Suite 100, Louisville, Kentucky 40223.

---

[1] Effective October 1, 2021, the Virginia Department of Mines, Minerals, and Energy is now titled the Virginia Department of Energy. *See* Va. Code Va. Code 45.2-102; *see also* Va. Dep't of Energy Website (https://www.energy.virginia.gov/public/history-of-va-energy.shtml) ("[I]n 2021, legislation was enacted officially changing and rebranding the agency as a greater focus was placed on renewable energy programs and economic development.") (last visited Dec. 22, 2021).

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332. Plaintiff Virginia DOE is a citizen of Virginia, and Defendant Lexon is a citizen of Texas and Kentucky. There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the acts and omissions giving rise to VDOE's claims occurred in this District and the subject properties are situated in this district.

5. Assignment to the Big Stone Gap Division of the Western District of Virginia is proper pursuant to Western District of Virginia Local Rule 2(b), because a substantial part of the acts and omissions giving rise to VDOE's claims occurred in this District and certain of the subject properties are situated in this district.

## FACTS

6. Virginie DOE issues coal mining permits and regulates the operation and reclamation of coal mining in Virginia.

7. Pursuant to Virginia law, an applicant seeking a mining permit must submit proof that it has obtained a bond sufficient to insure the costs of both mining operations and post-mining reclamation operations. *See* Va. Code § 45.2-1016.A ("[T]he applicant shall file. . . a bond for performance payable to the Commonwealth and conditioned upon faithful performance of all the requirements of this chapter and the permit. The bond shall cover that area of land within the permit area upon which the operator will initiate and conduct surface coal mining and reclamation operations. . . .") (2021).

*The Lexon Surety Bonds*

8.  Lexon issued three such surety bonds (the "Lexon Surety Bonds") that guaranteed funds available for reclamation work at three different mine sites operated by subsidiaries of Blackjewel, L.L.C ("Blackjewel") pursuant to permits.

9.  Those bonds are attached as **Exhibits A, B, and C**, are incorporated herein by reference, and are summarized below:

| Permit Number | Mine Location | Lexon Bond Number | Bond Amount |
|---|---|---|---|
| 1102023 | Pine Creek #2 | 1137431 | $2,680,600 |
| 1201508 | Dominion #36 | 1137418 | $270,000 |
| 1202211 | Phillips #188 | 1144274 | $522,400 |

**Total:      $3,473,000**

10. Under each of the Lexon Surety Bonds, Lexon is the surety, Virginia DOE is the obligee, and a Blackjewel subsidiary is the principal. The "Act" referenced in each of the bonds is the Virginia Coal Surface Mining Control Reclamation Act, Va. Code § 45.2-1000, *et seq.* ("Act").

11. Under each of the Lexon Surety Bonds, Lexon agreed to "guarantee the obligation to indemnify, defend, and hold harmless **OBLIGEE** from any and all losses and expenses which **OBLIGEE** may sustain as a result of the **PRINCIPAL'S** failure to comply with the condition of the obligation."

12. The Lexon Surety Bonds specifically secured the Blackjewel subsidiaries' performance of reclamation work under the Act.

13. Under each of the Lexon Surety Bonds, the "condition of the obligation" included a guarantee, by the principal "that the reclamation of the land disturbed during this surface mining operation will be completed as required by the **ACT**, its attendant regulations, and as specified in the permit as issued . . . ."

14. Under each of the Lexon Surety Bonds, Lexon's obligations to Virginia DOE continued for a minimum period of time "unless the permit has been sold, reassigned, or otherwise transferred in accordance with the **ACT**."

15. Pursuant to the Act, specifically Virginia Code Section 45.2-1009(B), a mining permit "shall not be transferred, assigned, or sold without the written approval of the Director in accordance with regulations adopted by the Director." Va. Code § 45.2-1009(B) (2021).

16. No one has submitted a transfer application to Virginia DOE and Virginia DOE has not authorized the transfer of any of these permits.

17. To date, no one has purchased the permits bonded by the Lexon Surety Bonds

18. Each of the Lexon Surety Bonds provides that "[a]ny proceeding, legal or equitable, under this bond must be instituted in a Virginia court of competent jurisdiction and shall be governed by the laws of the Commonwealth of Virginia."

*Chapter 11 Bankruptcy of the Blackjewel Subsidiaries, Principals Under the Lexon Surety Bonds*

19. The Blackjewel subsidiaries that are the Principals under the Lexon Surety Bonds filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of West Virginia, Case No. 19-30289 ("Blackjewel Bankruptcy").

20. The three mining permits associated with the Lexon Surety Bonds belong to subsidiaries of Blackjewel that, following declaring bankruptcy, ceased mining activities, abandoned the mine site, and failed to complete reclamation operations as required by Virginia law and by the Virginia DOE permit.

21. The Lexon Surety Bonds guarantee the performance of those necessary reclamation activities.

*Lexon's Refusal to Pay on the Lexon Surety Bonds Following*
*Abandonment of the Mines*

22. On June 9, 2020, Virginia DOE sent Lexon two demand letters, attached collectively hereto as **Exhibit D**.

23. The first letter requested payment of $270,000 under Bond No. 1137418.

24. The second letter requested payment of $522,400 under Bond No. 1144274.

25. Lexon did not respond to either demand letter and refused to make any payment under either bond.

26. On October 29, 2020, Virginia DOE sent Lexon another demand letter, attached hereto as **Exhibit E**. This letter requested payment of $2,680,600 under Bond No. 1137431.

27. Lexon did not respond to the demand letter of October 29, 2020 and has refused to make any payment under Bond Number 1137431.

28. To date, Lexon has refused to pay any money under the Lexon Surety Bonds.

*Lexon's Refusal to Fund Reclamation Work Has Caused Environmental Damage*

29. As a result of Lexon's refusal to fund reclamation work, each of the three mine sites secured by the Lexon Surety Bonds remains in a disturbed, un-reclaimed state. These mine sites contain dangerous walls, submerged and hard to see openings, debris and trash, and other hazards that pose both personal safety risks and environmental risks for citizens of Virginia.

30. For example, on July 23, 2021, Virginia DOE received a complaint that debris and abandoned material at Pine Creek # 2 (Permit No. 1102023, Lexon Bond No. 1137431), had washed onto a state road, rendering the state road nearly impassable.

31. A copy of Virginia DOE's Complaint Investigation is attached as **Exhibit F**.

32. The Virginia Department of Transportation and Virginia DOE responded and deemed the road a risk to public safety. Emergency repairs were undertaken and ultimately, a third-party contractor conducted emergency work to alleviate the risks to public safety.

33. This emergency work cost Virginia DOE $19,500.

34. As long as these three mine sites remain un-reclaimed, there is a risk that further degradation of the land may occur, causing further environmental damage or further risks to public safety, or both.

35. To date, Lexon has refused to pay for this emergency work or to pay for any reclamation work that would lessen the risk that this damage may occur again.

36. Virginia DOE therefore continues to be damaged and will be damaged in the future by Lexon's refusal to fund reclamation work pursuant to the Lexon Surety Bonds.

37. Virginia DOE is entitled to recovery against Lexon for the full-face amount of each of the Lexon Surety Bonds as a result of the failure of each of the Lexon Surety Bonds' three principals to perform requisite reclamation work.

## COUNT I: Breach of Contract

38. Virginia DOE incorporates by reference the allegations in Paragraphs 1 through 37 as if fully stated herein.

39. Each of the three Lexon Surety Bonds described above constitute a legally enforceable obligation of Lexon to Virginia DOE.

40. Lexon has breached its obligation to Virginia DOE under each of the three Lexon Surety Bonds to guarantee the principals' performance of requisite reclamation work.

41. Virginia DOE has suffered damages that have been caused by Lexon's breach of its obligations to Virginia DOE under each of the Lexon Surety Bonds.

42. Virginia DOE has incurred and will incur damages in the future due to Lexon's refusal to fund requisite reclamation work at each of the mines bonded by the Lexon Surety Bonds.

43. These damages include, but are not limited to, compromising Virginia DOE's ability to hire contractors to perform reclamation work necessary at each of the mine sites, continuing environmental and public safety risks at each of the mine sites, and additional reclamation or clean-up work, including but not limited to the $19,500 recently incurred at Pine Creek #2.

44. These damages also include all expenses incurred by Virginia DOE as a result of Lexon's breach of its obligations under the bonds.

## COUNT II: Breach of Common Law Fiduciary Duty

45. Virginia DOE incorporates by reference the allegations in paragraphs 1 through 44 as if fully re-stated herein.

46. As a licensed insurer that acts as a surety under surety bonds such as the three Lexon Surety Bonds in this case, Lexon owes Virginia DOE common law fiduciary duties.

47. Those common law fiduciary duties to Virginia DOE are independent of its contractual obligations to Virginia DOE pursuant to the Lexon Surety Bonds.

48. These fiduciary duties include the duty of good faith.

49. Lexon has instituted an adversary proceeding in the Blackjewel Bankruptcy seeking declaratory relief regarding the ownership of the permits linked to the Lexon Surety Bonds ("Adversary Proceeding").

50. In its Adversary Proceeding, Lexon argues that ownership or control of the permits would also entail liability for reclamation costs of the mines associated with the permits.

51. Specifically, Lexon seeks to have an entity other than the Lexon Surety Bond principals found to be responsible for the three mining permits associated with the Lexon Surety Bonds and, as a result, obligated to pay for the reclamation work for which Lexon has refused to pay.

52. Lexon has alleged in the Adversary Proceeding that it would be able to recover sums against certain debtors in the Blackjewel Bankruptcy for payment on the Lexon Surety Bonds pursuant to indemnity agreements to which Virginia DOE is not a party.

53. To date, though, Lexon has failed to pay Virginia DOE on the Lexon Surety Bonds despite Virginia DOE's demands.

54. Lexon has breached its common law fiduciary duty of good faith to Virginia DOE by, on the one hand, seeking declaratory relief in the Adversary Proceeding that would assist it in recouping costs for reclamation obligations that, on the other hand, it has refused to pay Virginia DOE as clearly required under the Lexon Surety Bonds.

55. As a result of Lexon's breach of its fiduciary duty, Virginia DOE has suffered damages and will suffer damages in the future.

56. These damages include, but are not limited to, compromising Virginia DOE's ability to hire contractors to perform reclamation work necessary at each of the mine sites, continuing environmental and public safety risks at each of the mine sites, and additional reclamation or cleanup work, including but not limited to the $19,500 recently incurred at Pine Creek No. 2.

57. Virginia DOE demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 35.

WHEREFORE, the Virginia Department of Energy respectfully requests that this Court enter judgment in its favor against Lexon Insurance Company as follows:

1. On Count I, that this Court enter judgment in an amount to be determined but to include at least $3,473,000 that Lexon is obligated to pay under the three Lexon Surety Bonds and all other damages, including without limitation the $19,500 Virginia DOE incurred for emergency repair work at Pine Creek No. 2.

2. On Count II, that this Court enter judgment for all damages to which Virginia DOE is entitled resulting from Lexon's breach of its fiduciary duty.

Additionally, the Virginia Department of Energy respectfully requests that the Court award any further relief that it may deem just and proper.

Dated: December 28, 2021                           VIRGINIA DEPARTMENT OF ENERGY

/s/ Audra M. Dickens
Audra M. Dickens (VSB No. 82379)
Gibson S. Wright (VSB No. 84632)
McCandlish Holton, PC
P.O. Box 796
1111 E. Main St., Ste. 2100
Richmond, VA 23218-0796
(804) 775-3803 Telephone
(804) 775-7234 Facsimile
adickens@lawmh.com
gwright@lawmh.com

Jerald R. Hess (VSB No. 78584)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2307  (telephone)
(804) 786-2650  (fax)
   JHess@oag.state.va.us

*Counsel for the Virginia Department of Energy*

Case 2:21-cv-00041-JPJ-PMS   Document 1   Filed 12/28/21   Page 10 of 11   Pageid#: 10

*Counsel for the Virginia Department of Energy*

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2021, a copy of the foregoing Complaint was served on all parties receiving electronic notification via the Court's CM/ECF system in this case.

/s/ Audra M. Dickens
Audra M. Dickens (VSB No. 82379)
McCandlish Holton, PC
P.O. Box 796
1111 E. Main St., Ste. 2100
Richmond, VA 23218-0796
(804) 775-3803 Telephone
(804) 775-7234 Facsimile
adickens@lawmh.com

*Counsel for the Virginia Department of Energy*